```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-61943-CV-COHN
                                       (11-20074-CR-COHN)
                                       (11-60173-CR-COHN)
                              MAGISTRATE JUDGE P. A. WHITE

MANETIRONY CLERVRAIN,         :
                              :
      Movant,                 :
                              :
v.                            :        REPORT OF
                              :        MAGISTRATE JUDGE
                              :
UNITED STATES OF AMERICA,     :
                              :
      Respondent.             :
_____
```

### Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, contesting the constitutionality of his convictions and sentences entered following a guilty plea in case nos. 11-20074-CR-COHN and 11-60173-CR-COHN.

The Court has reviewed the movant's motion, the government's response, the movant's reply with memorandum, the Presentence Investigation Report ("PSI")and all pertinent portions of the underlying criminal file. After a review of the motion, counsel was appointed for the movant and an evidentiary hearing was scheduled to address the movant's claim that counsel failed to file an appeal after being requested to do so. The evidentiary hearing was held on September 5, 2013.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the

movant appears to raise the following claims:

1.  Counsel was ineffective for failing to file a motion to dismiss the indictment for failing to allege an overt act.

2.  Counsel was ineffective for failing to file a motion to dismiss the indictment on statute of limitations grounds.

3.  Counsel was ineffective for failing to challenge the sentencing enhancements.

4.  Counsel was ineffective for negotiating a sentence with improper sentencing enhancements.

5.  Counsel was ineffective for failing to file a notice of appeal after being requested to do so.

Procedural History

On May 26, 2011, a grand jury returned a four-count indictment against the movant and one co-defendant in case number 11-20074. The indictment charged the movant with: (1) conspiracy to commit mail and wire fraud; (2) conspiracy to commit access device fraud; and (3) access device fraud; and (4)aggravated identity theft. (11-20074, DE# 52).   On July 21, 2011 the government filed an information in case number 11-60173, charging the movant with conspiracy to commit wire fraud and bank fraud. (11-60173, DE# 1). The charges in the two cases were for unrelated conduct. In case 11-20074 the movant was involved in fraudulently obtained credit cards. In case 11-60173 the movant's conduct involved fraudulently obtaining mortgages.

On July 22, 2011 the movant entered into a plea agreement to dispose of both cases. (11-20074, DE# 78). The movant agreed to plead guilty to count one in case number 11-20074 and the sole

count of case number 11-60173. On that same date the movant signed a factual proffer in each case. (11-20074, DE# 79 and 11-60173, DE# 18). In the factual proffer for case number 11-60173 the movant admitted obtaining 25 fraudulent mortgages causing over $5.7 million in fraudulent mortgage loans to be funded through three different banks. The movant admitted recruiting seven straw buyers to purchase the properties funded by the fraudulent mortgages. In the factual proffer for case number 11-20074 the movant admitted defrauding four separate companies by impersonating two separate companies and two individuals. The movant further admitted impersonating an individual to register a corporation and using that corporation to obtain credit lines. The movant also used information obtained from Dunn & Bradstreet to open credit card accounts in the names of the corporate victims. The movant then made purchases using these fraudulent credit lines and credit cards.

The district court conducted a plea colloquy on July 22, 2011. (11-20074, DE# 98). The movant was place under oath and advised that if he answered any questions falsely he could be later charged with perjury. He acknowledged fully discussing the charges with his attorney. He understood the charges and that he faced up to 20 years in case 11-20074 and 30 years in case 11-60173 and that the sentences could be made consecutive. He asked the court, "Do you know how long I will be - - what the sentence will be?." He was advised that it depended on the guidelines and the factors in 18 U.S.C. § 3553(A). The movant then asked if was possible that the two cases would be combined so that he would not two penalties. The government interjected that it was willing to recommended concurrent sentences. The court recognized the government's recommendation but advised the movant that it was not bound by that agreement. The movant acknowledged that he and his attorney had

reviewed the evidence and any possible defenses. He also discussed the sentencing guidelines with his attorney.

The court explained to the movant that the sentencing guidelines were merely advisory and that, although the court must consider them in sentencing, it was not bound by the guideline range. The movant acknowledged that the court could impose any sentence up to the statutory maximum. He also understood that he could be deported as a result of his conviction.

After being fully advised, the movant was asked if he still wanted to enter the plea. He responded, "That's correct. I mean, I don't have any choice." The court advised him that he did have a choice, he could plead not guilty and go to trial. The movant replied, "Yeah. But I feel like I'm guilty and that's what I mean." The movant acknowledged reading the plea agreement and discussing it with counsel. He acknowledged no promises were made that were not contained in the plea agreement and he was not forced to sign the plea agreement. The appeal waiver was explained and the movant acknowledged discussing it with counsel, he had no questions about the waiver. The court found movant waived his right to appeal knowingly, intelligently and voluntarily.

The movant agreed that the facts in the factual proffers were true and correct. After explaining the rights the movant was waiving by pleading guilty the court asked if he had any questions. Having no questions the movant proceeded to enter a guilty plea to count one in case number 11-20074 and the sole charge in case number 11-60173. The court found the movant competent and that he knowingly and voluntarily pleaded guilty. The court further found that the pleas were supported by an independent basis in fact. The movant was adjudicated guilty.

A PSI was subsequently prepared by the U.S. Probation Office prior to sentencing. In the report, the movant's total offense level was 34 (PSI ¶125). The base offense level for an offense involving fraud was 7. (PSI ¶ 113). The PSI found the amount of loss to be greater than $7 million and less that $20 million, increasing the base offense by 20. (PSI ¶ 114). The PSI added 6 more points because the offense involved: (1) more than 10 victims (2 points); (2) sophisticated means (2 points); and (3) the unauthorized transfer or use of any means of identification to produce or obtain any means of identification( 2 points). (PSI ¶115-117). Four points were added because the movant was an organizer or leader of criminal activity. (PSI ¶ 119). Three points were deducted based upon the movant's acceptance of responsibility and assistance in investigating his own misconduct. (PSI ¶ 123-124). The movant had a no criminal history points and a criminal history category of I. (PSI ¶ 129). The recommended guideline sentence was 151 to 188 months. (PSI ¶ 164). The PSI noted that under the parties agreement the recommended guideline sentence would be 108 to 135 months. (PSI ¶ 176).

The movant's counsel filed objections to the PSI. (DE# 83). The movant objected to the amount of loss, the 4 point enhancement for his role, and the guideline range. The movant agreed with the government that the guideline range should be 108-135 months. The government also filed objections, asking the court to honor the parties plea agreement which call for losses of less than $7 million and a leadership role enhancement of 3 points.

The movant appeared for sentencing on September 30, 2011. (11-20074, DE# 99). The court noted at the beginning of the hearing that it was the general practice to honor plea agreements. The government recommended a sentence in the middle of the recommended

guidelines. The movant requested a sentence as low as possible. After considering the statements of all parties, the advisory guidelines and the section 3553(a) factors, the court imposed a sentence of 108 months on each count to run concurrently. The court advised the movant that he had a right to appeal within 14 days. The government noted that the plea agreement included a waiver of appeal. The movant did not file a notice of appeal.

On September 22, 1012 the movant filed this timely petition under 28 U.S.C. § 2255 seeking to vacate his conviction.

## Discussion of Claims

As will be demonstrated in more detail *infra*, the movant is not entitled to vacatur on any of the claims presented. When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the petitioner due process of law. The petitioner therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9 Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the petitioner's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Here, the movant challenges counsel's effectiveness for multiple reasons. In order to prevail on a claim of ineffective

assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-

guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. <u>Kett v. United States</u>, 722 F.2d 687, 690 (11th Cir. 1984); <u>see also</u>, <u>Nelson v. United States</u>, 709 F.2d 39, 40 (11th Cir. 1983)(<u>citing</u>, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); <u>United States v. Becker</u>, 569 F.2d 951, 965 (5th Cir.), <u>cert. denied</u>, 439 U.S. 865 (1978), <u>United States v. White</u>, 524 F.2d 1249, 1254 (5th Cir. 1975), <u>cert. denied</u>, 426 U.S. 922 (1976).; <u>See also</u> <u>Williams v. Alabama</u>, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); <u>Castle v. United States</u>, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case) (sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

<u>A. Ineffective Assistance of Counsel</u>

The movant has raised several claims of ineffective assistance of counsel. He contends that counsel failed to file a motion to dismiss the indictment. He also argues that counsel failed to ensure that his sentencing enhancements were properly calculated both in negotiating the plea agreement and at sentencing. Finally

he claims that counsel ignored his request to appeal his sentence.

Motion to Dismiss

In his first two claims the movant contends that counsel was ineffective for failing to file a motion to dismiss the indictment. He claims that counsel had two grounds for filing the motion, failure to allege an overt act and expiration of the statute of limitations. He argues that if counsel had filed such a motion the indictment would have been dismissed. The movant added a third ground in his memorandum arguing that the indictment and information charged the same crime and violated double jeopardy.

The record reveals that a motion to dismiss based on the grounds argued would have been denied as without merit. The movant and his co-defendant were charged in the same indictment. The co-defendant filed three motions to dismiss raising the statute of limitations and the failure to allege an overt act. (11-20074, DE# 43, 45). The trial court denied those motions in a written order, finding the claims were without merit. (11-20074, DE# 65). In addressing the statute of limitations, the court found the statute at issue did not require an overt act and that the indictment alleged that the conspiracy ended less than five years from the date the indictment was issued.  Thus, on the authority of United States v. McNair, 605 F.3d 1152, 1213 (11th Cir. 2010), the motion to dismiss was denied because it was filed within the statute of limitations.  The court next denied the overt act claim, finding that the statute under which the movant was charged, 18 U.S.C. § 1349, did not contain an overt act requirement. The court found that where the statute does not contain an overt act requirement the court will not imply such a requirement, citing United States v. Shabani, 513 U.S. 10, 12(1994) (refusing to imply overt act requirement where not explicitly contained in the statute).

As the record shows, the movant's co-defendant attempted to raise the same issues he now claims his counsel should have raised. The court properly denied the motions to dismiss and any attempt by the movant's counsel to file the same motions would have been without merit. The failure to raise such a non-meritorious claim does not merit a finding of that counsel was ineffective. <u>See</u> <u>Chandler v. Moore</u>, 240 F.3d 907, 917 (11th Cir. 2001); <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3rd Cir. 1999). Since counsel was not ineffective, the movant's first two claims of ineffective assistance should be denied.

The movant has added a claim in his memorandum in which he argues that the indictment and the information violated double jeopardy because they both charge a violation of 18 U.S.C. § 1349. He argues that since the two conspiracies did not allege different co-conspirators and both occurred in the Southern District of Florida that they charged the same crime. The movant has completely failed to consider that the objects of the two conspiracies were completely different and involved different victims. This claim does not merit further discussion and should be denied.

<u>Sentencing</u>

The movant contends that counsel was ineffective for failing to object to guideline enhancements for amount of loss and number of victims. He also contends that counsel was ineffective in negotiating a plea based on erroneous guideline enhancements. He claims that his proper advisory guideline sentence should have been 24 months.

Both of these claims of ineffective assistance are based on the movant's theory that his advisory guideline sentence was improperly calculated. He argues that two enhancements, the amount

10

of loss and the number of victims, were incorrectly calculated. He
argues that the amount of loss should have been calculated by
subtracting the value of the property held by the bank, or its
resale price, from the amount of the fraudulently obtained loan. He
further argues that there were no more than eight victims. The
movant's calculation of the number of victims acknowledges three
victims in the mortgage fraud case and no more than five stores for
the credit fraud case.

The movant's theory regarding erroneous computation of the two
enhancements is incorrect. In calculating the value of loss in the
mortgage fraud case, the PSI started with the amount of the
fraudulent loan and then subtracted the resale price of the
property. If there was no resale, the PSI utilized the entire
amount of the fraudulent loan. Using this method the PSI calculated
a total loss amount of $11,056,682. This amount exceeded the amount
of loss negotiated by counsel and agreed to by the movant in his
plea agreement. Furthermore, even using the calculation method
espoused by the movant, the loss amount would fall with the range
of the actual enhancement of $2.5 to $7 million. The amount of loss
using the movant's method results is $9,748,907. This is calculated
by subtracting either the sale price of the property, if sold, or
the market value of the property, if unsold, from the amount of the
fraudulently obtained loan. Thus, the record establishes that the
amount of loss was correctly calculated and any objection using the
argument of the movant would have been without merit.

The movant's argument regarding the number of victims is also
refuted by the record. The movant acknowledges that the mortgage
fraud case involved three banks. However, the movant argues that
the credit fraud case involved no more than five stores. There is
no dispute regarding the number of victims the PSI identified in

the mortgage fraud case. However, the PSI has identified the victims in the credit fraud case as follows: (1) Hewlett Packard; (2) Xerox; (3) Sears; (4) Home Depot; (5) Computers for Business; (6) Printech, Inc.; (7) individual "W.B." and (8) individual "J.A." The movant apparently fails to acknowledge the existence of the two individual victims whose identities were used in his scheme. Since the two cases total more than 10 victims, any argument by counsel on this point would have been without merit.

Under the totality of the circumstances here counsel's performance was more than adequate. He negotiated a guideline sentence with the government which was ultimately less than the sentence calculated in the PSI. He filed objections to the PSI's calculation of the loss amount and the movant's role. Both of these objections were sustained by the court, resulting in a sentence at the bottom of the agreed upon guidelines sentence. Since the guidelines were properly calculated counsel was not ineffective in negotiating the sentence or for not objecting at sentencing.

Notice of Appeal

The movant claimed in his motion that he instructed counsel to appeal his sentence and that counsel failed to follow his instruction. He alleged that after meeting with counsel he was of the opinion that counsel would file the appeal. He further alleged that when he discovered no appeal was filed he sent a letter to the District Court Judge asking that counsel appointed for appeal.

There is no question that if counsel failed to file a direct appeal after being requested to do so by his client the result would be a per se constitutional violation of the movant's Sixth Amendment right to counsel, which would entitle the movant to an appellate proceeding. Roe v. Flores-Ortega, 528 U.S. 470 (2000)

("we have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable").

At the evidentiary hearing the movant testified that he spoke with counsel after sentencing. He was initially equivocal about whether he specifically requested counsel to file an appeal. He testified that he told counsel he thought the sentence was to long. He testified that counsel discussed the appellate waiver when the issue of appealing came up. He later testified that he sent letters to counsel, but that the letters concerned cooperation with the government. He never wrote to counsel about the appeal. He also testified that he sent a letter to the District Judge. Although the movant claims that he was upset that no appeal had been filed, there is no mention in this letter that counsel failed to file a notice of appeal. On cross examination the movant acknowledged that he was hoping for a sentence reduction based upon his cooperation. Even if the movant is found credible, his testimony about his request that counsel file an appeal was equivocal.

Counsel also testified at the evidentiary hearing on this issue. Counsel testified that he met with the movant after sentencing and they discussed the sentence and his appellate rights. When the movant expressed an interest in cooperating with the government, counsel advised him that he had to choose whether to cooperate or appeal. In discussing these choices counsel reminded the movant of his appellate waiver, and advised him that it was in his best interest to attempt to cooperate with the government.

Counsel testified that the only issue for appeal might be the reasonableness of the sentence. He acknowledged that the appellate

13

waiver would not allow for an appeal of this issue. Counsel had no recollection of the movant requesting an appeal and testified that if he had been asked, he would have filed the notice of appeal. Counsel's testimony regarding cooperation is supported by an exchange of emails between counsel and the government attempting to schedule a debriefing of the movant. The undersigned finds counsel's testimony to be credible.

After hearing testimony on this issue, the undersigned concludes that counsel did not fail to file a notice of appeal. The movant's testimony indicates that he met with counsel shortly after his sentencing. He expressed his displeasure with the length of his sentence and may or may not have asked counsel to file an appeal. In either event, counsel reviewed the appellate waiver and its limitations. Counsel and the movant also discussed cooperation with the government. The testimony shows that counsel advised the movant to seek to cooperate with the government because any appeal would be subject to dismissal pursuant to the appellate waiver. The movant agreed to this strategy and did not insist that counsel file a notice of appeal. Since counsel did not ignore the movant's request to file an appeal this claim is refuted and should be denied.

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

14

The movant in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied, no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 19th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Roderick D. Vereen, Esq.
     Attorney for Movant
     4770 Biscayne Boulevard
     Suite 1250
     Miami, FL 33137

15

Manetirony Clervrain, Movant
Reg. No. 63253-054
CI McRae
Correctional Institution
P.O. Drawer 30
McRae, GA 31055

Elisa Castrolugo, AUSA
United States Attorney's Office
99 Northeast 4th Street
Miami, FL 33132