UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61943-CIV-COHN/WHITE
(CASE NOS. 11-20074-CR-COHN, 11-60173-CR-COHN)

MANETIRONY CLERVRAIN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 14] ("Report") of Magistrate Judge Patrick A. White concerning Movant Manetirony Clervrain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] ("Motion"). Movant has filed timely Objections to the Report [DE 15], and the Government has filed a Response to those Objections [DE 18]. The Court has reviewed *de novo* the file herein and is otherwise fully advised in the premises.

In July 2011, Movant entered into a Plea Agreement with the Government to resolve two separate criminal cases against him involving fraudulently obtained credit lines and mortgage loans. See United States v. Clervrain, Case No. 11-cr-20074-JIC, DE 78 at 1-2 (S.D. Fla. July 25, 2011) ("Clervrain I"); United States v. Clervrain, Case No. 11-cr-60173-JIC, DE 17 at 1-2 (S.D. Fla. July 25, 2011) ("Clervrain II"). Movant agreed to plead guilty to one count of conspiracy to commit mail and wire fraud in Clervrain I, and to one count of conspiracy to commit wire and bank fraud in Clervrain II.

See id.  Further, the parties agreed to recommend various findings concerning Movant's sentence, including an advisory guidelines range of 108 to 135 months' imprisonment. See Case No. 11-cr-20074-JIC, DE 78 at 4-5; Case No. 11-cr-60173-JIC, DE 17 at 4-5. The Plea Agreement also contained an appellate waiver regarding Movant's sentence. See Case No. 11-cr-20074-JIC, DE 78 at 8; Case No. 11-cr-60173-JIC, DE 17 at 8. The Court accepted Movant's guilty pleas and later sentenced him to concurrent prison terms of 108 months.  See Case No. 11-cr-20074-JIC, DE 76, 89, 90; Case No. 11-cr-60173-JIC, DE 15, 20, 21.  Movant did not appeal his convictions or sentence.

In his present Motion, Movant asserts that his trial counsel provided ineffective assistance by (1) not moving to dismiss the indictment in Clervrain I based on failure to allege an overt act and the statute of limitations, (2) failing to challenge Movant's sentencing enhancements and recommending improper enhancements in the Plea Agreement, and (3) not filing a notice of appeal after Movant so requested.  See DE 1. Magistrate Judge White appointed counsel for Movant and held an evidentiary hearing on the notice-of-appeal issue.  See DE 9, 12.  Movant and his trial counsel testified at the hearing, and the parties introduced various exhibits.  See DE 12, 13.

In his Report, Magistrate Judge White determined that Movant's trial counsel was not ineffective for failing to contest the Clervrain I indictment and Movant's sentencing enhancements because those challenges would have been meritless. See DE 14 at 9-12.  Regarding the notice-of-appeal issue, Judge White found that Movant's testimony was equivocal about whether he asked counsel to file an appeal. See id. at 13-14.  More, Judge White credited trial counsel's testimony that he advised Movant to cooperate with the Government—rather than file an appeal that would be barred by the appellate waiver—and that Movant agreed to this strategy.  See id.

2

Judge White thus recommended that the Motion be denied, and further recommended denying a certificate of appealability because Movant had not made a substantial showing of the denial of a constitutional right.  See id. at 14-15; 28 U.S.C. § 2253(c)(2).

After a careful review, this Court agrees with Magistrate Judge White's reasoning, conclusions, and recommendations.  In addition, the Court has considered Movant's Objections regarding the appellate issue and finds them to be without merit.  While Movant disputes Judge White's evidentiary findings, Movant has not provided hearing-transcript excerpts to support his arguments.  And, in any event, Movant's arguments focus on Judge White's credibility determinations, which this Court has no basis to disturb.  See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).  For these reasons, the Court will deny the Motion.  The Court will also deny a certificate of appealabilty because Movant has not shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c)(2).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 14] is **ADOPTED**;

2. Movant's Objections [DE 15] are **OVERRULED**;

3. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 1] is **DENIED**;

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Movant is **DENIED** a certificate of appealabilty.  The Court notes that under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may seek a certificate of appealability from the Eleventh Circuit; and

5. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of October, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick A. White

Counsel of record